UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DEANNE WILLIAMS** | * | **CIVIL ACTION NO.  15-0112** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HOBBY LOBBY STORES, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to enforce court order pursuant to Rule 37 of the Federal Rules of Civil Procedure and associated request for sanctions, attorney's fees and/or costs  [doc. # 35] filed by plaintiff DeAnne Williams.  The motion is opposed.  For reasons assigned below, the motion is GRANTED.[1]

### Background

On September 14, 2015, plaintiff DeAnne Williams served defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") with her First Set of Interrogatories and Requests for Documents, which included the following, pertinent requests:

<u>REQUEST FOR PRODUCTION H</u>:

Please produce a copy of the Hobby Lobby employee handbook/manual in effect on November 27, 2013, for the Hobby Lobby Store located at 200 Blanchard Drive, West Monroe, Louisiana.

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

<div style="text-align: center;">REQUEST FOR PRODUCTION I:</div>

> Please provide a copy of any and all training manuals, videos, written policies and/or procedures, or any other instructive material regarding the placement of merchandise on shelves ro the stocking of shelves with merchandise by store associates.

<div style="text-align: center;">REQUEST FOR PRODUCTION J:</div>

> Please provide a copy of any and all training manuals, videos, written policies and/or procedures, or any other instructive material regarding the cleaning, inspection, and maintenance and floors by store associates.

(M/Compel, Exh. 1 [doc. # 28]).

On November 6, 2015, Hobby Lobby served Williams with its supplemental responses to the requests at issue:

RESPONSE TO REQUEST FOR PRODUCTION H:

> Defendant objects to Request for Production H as discovery is ongoing and on grounds that the Request is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection and without waiver of same, see attached relevant portions of the Hobby Lobby Manual regarding Merchandising & Maintenance as well as Risk Management & Safety. Defendant reserves the right to supplement and/or amend this response.

RESPONSE TO REQUEST FOR PRODUCTION I:

> Defendant objects to Request for Production I as discovery is ongoing and on grounds that the Request is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection and without waiver of same, please see the Good Housekeeping Video Transcript, attached. Defendant reserves the right to supplement and/or amend this response.

RESPONSE TO REQUEST FOR PRODUCTION J:

> See Supplemental Response to Request for Production J [sic].

(M/Compel, Exh. 3 [doc. # 28]).

> Dissatisfied with Hobby Lobby's responses to these discovery requests (plus other

responses to requests not at issue here), and after exhausting efforts to amicably bridge their differences, Williams filed a motion to compel on December 24, 2015. [doc. # 28]. The motion sought an order requiring Hobby Lobby to produce, *inter alia*, (1) a complete copy of Hobby Lobby's employee handbook in effect at the time of plaintiff's injury; and (2) a copy of the "Good Housekeeping" employee training video. [doc. # 28]. In its opposition to the motion to compel, Hobby Lobby represented that it already had produced the only portions of the "Employee Handbook" that were relevant to plaintiff's slip and fall claim. (Opp Memo., pg. 6 [doc. # 31]).

On January 12, 2016, pursuant to a conference with the parties, the undersigned granted Williams' motion to compel and directed Hobby Lobby, *inter alia*, to provide plaintiff by January 22, 2016, with a complete copy of its "employee handbook" and a copy of its "Good Housekeeping video." (Jan. 12, 2016, Minutes of Proceedings [doc. # 32]). However, in lieu of producing a full copy of the actual manual from which it had produced the two sections in partial response to plaintiff's request for production H that had sparked the motion to compel, Hobby Lobby unilaterally opted to produce a completely different document, entitled "Employee Handbook," in purported literal compliance with the court's ruling. When plaintiff's counsel brought the discrepancy to the attention of defense counsel, the latter agreed to a brief continuance of scheduled depositions so plaintiff could file an appropriate motion with the court.

On January 25, 2016, Williams filed the instant motion to enforce the court's January 12, 2016, ruling. Williams requested an order requiring Hobby Lobby to produce a complete copy of the document that Hobby Lobby previously had referred to as its "employee handbook" (and any other documents responsive to Request H); that the scheduled depositions of plaintiff and defendant's store manager occur at least two business days after plaintiff's receipt of the

responsive documents; and that the court award appropriate Rule 37 sanctions.[2]

In opposition to plaintiff's motion, defense counsel explained that he

> was operating under the mistaken belief that the portions of the document originally produced (the "Policies and Procedures Manual") was in fact the Employee Handbook. It was not until the Court order was issued, ordering Hobby Lobby to produce the "Employee Handbook", did undersigned learn that the original document produced was the Policies and Procedures Manual, not the Employee Handbook.

(Def. Opp. Memo., pg. 2).

Hobby Lobby conceded that it was willing to produce the Policies and Procedures Manual, but asked the court to review the document, *in camera*, to assess relevancy, or alternatively, issue an order subjecting the Policies and Procedures Manual to the Stipulated Non-Sharing Protective Order. *Id.*[3]

In her reply, plaintiff's counsel noted, *inter alia*, that since the filing of the present motion, defense counsel had notified her that there was a more recent version of the Policies and Procedures Manual than the one from which Hobby Lobby had produced the earlier excerpts. *See* Jan. 27, 2016, email from Kathryn Trew to Julie Johnson; Pl. Reply Memo., Exh. A. The new version of the excerpted sections omitted any reference to "Safety Sweeps." (Pl. Reply Memo., pg. 3-4). In other words, according to its discovery responses, Hobby Lobby has no written policies regarding periodic cleaning, inspection, and maintenance of floors during business hours while customers are in the store. *Id.* Plaintiff understandably remains concerned

---

[2] Plaintiff further noted that she did not receive a copy of the Good Housekeeping video until Monday, January 25.

[3] Defense counsel also explained that he delivered the Good Housekeeping video to FedEx for overnight delivery on Thursday, January 21. However, FedEx did not attempt and effect delivery until Monday, January 25. (FedEx Printout; Def. Opp. Memo., Exh. A [doc. # 40]).

that Hobby Lobby may not be producing a written policy regarding floor inspection merely because the document may be labeled something else. Consequently, plaintiff seeks an order compelling Hobby Lobby to produce complete copies of both versions of its "Policy and Procedures Manual," as well as any other documents responsive to its Requests for Production H and J.

In its sur-reply, Hobby Lobby objects to production of the earlier version of its Policies and Procedures Manual because it was superseded by the newer version, and thus no longer in effect on the date of the accident. (Def. Sur-reply, pgs. 2-3). Hobby Lobby further maintains that it does not have any other documents responsive to plaintiff's Request for Production H. *Id*. Hobby Lobby, however, did not address plaintiff's re-urged Request for Production J.

## **Applicable Rules**

Rule 37 of the Federal Rules of Civil Procedure specifies that,

[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or

      **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Furthermore,

> [i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(C).

In addition,

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).

Fed. R. Civ. P. 37(c)(1).

## Analysis

      Hobby Lobby well knew that plaintiff's motion to compel sought a complete copy of the document from which Hobby Lobby had produced certain excerpts. Throughout the prosecution, defense, and resolution of plaintiff's motion to compel, the parties and the court referred to the document as the "employee handbook." After the court issued its ruling, Hobby Lobby discovered that the document sought by plaintiff was not the "employee handbook," but instead an earlier version of the "Policies and Procedures Manual." Rather than produce the document contemplated by all parties and the court, Hobby Lobby cavalierly produced a different document

that was entitled "employee handbook."  In so doing, Hobby Lobby neither proactively notified opposing counsel, nor sought clarification from the court; it simply shifted the onus to plaintiff to petition the court for further relief.

The court finds that defendant's myopic interpretation of the court's January 12 ruling is not well-taken and disingenuous.  Furthermore, defendant's apparent indifference to the document discrepancy presents a matter of concern.  The court stresses that the

> [t]he overriding theme of recent amendments to the discovery rules has been open and forthright sharing of information by all parties to a case with the aim of expediting case progress, minimizing burden and expense, and removing contentiousness as much as practicable.  Compliance with these changes has placed—on counsel—the affirmative duties to work with clients to make required disclosures; reduce oppression and burden; cooperatively plan discovery with opposing counsel; affirmatively certify accuracy and good faith in requesting and responding to discovery; and confer with opposing counsel to resolve disputes before filing certain motions . . .  If counsel fail in this responsibility—willfully or not—these principles of an open discovery process are undermined, coextensively inhibiting the courts' ability to objectively resolve their clients' disputes and the credibility of its resolution.

*Bd. of Regents of Univ. of Nebraska v. BASF Corp.*, 2007 WL 3342423, at *5 (D. Neb. Nov. 5, 2007) (internal citations omitted).

Hobby Lobby has failed to meet its obligations under the Federal Rules of Civil Procedure and has blithely risked the consequences of an untenable and unjustified interpretation of the court's discovery order.  Accordingly, beyond granting plaintiff's motion to enforce the discovery order, the court also will order defendant and its counsel to pay movant the total sum of $1,000 as reasonable attorney's fees to ameliorate the reasonable expenses, fees, and costs incurred by movant for having to file this successive motion.  Fed.R.Civ.P. 37(b)(2)(C).

## **Conclusion**

For the above-assigned reasons,

IT IS ORDERED that plaintiff's motion to enforce court order and associated request for sanctions, fees, and/or costs [doc. # 35] is GRANTED, as follows,

IT IS ORDERED that, within 7 days from the date of this order, defendant Hobby Lobby shall provide plaintiff with an entire copy of its "Policies and Procedures Manual," both the version that was produced, in part, on November 6, 2015, as well as the version that was produced, in part, on January 27, 2016.[4]

IT IS FURTHER ORDERED that, within 7 days from the date of this order, defendant Hobby Lobby shall provide plaintiff with any other documents that are responsive to plaintiff's Requests for Production H and J. If defendant has no other responsive documents, it shall expressly supplement or amend its responses to that effect, within the same period.

IT IS FURTHER ORDERED that the depositions of plaintiff and defendant's store manager shall be held on a date no earlier than two business days after plaintiff's receipt of the foregoing documents/supplemental responses.

IT IS FURTHER ORDERED that defendant Hobby Lobby and/or its counsel shall remit the single sum of $1,000 to plaintiff DeAnne Williams, via her counsel, and file proof of payment in the record of these proceedings within 7 days thereafter.

In Chambers, at Monroe, Louisiana, this 8th day of February 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[4] The court declines defendant's invitation to review the documents *in camera*. Defendant may subject the documents to the stipulated protective order by so designating them on its own. *See* Stipulated Non-Sharing Protective Order [doc. # 34].