UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DEANNE WILLIAMS** | * | **CIVIL ACTION NO. 15-0112** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HOBBY LOBBY STORES, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is an oral motion for relief [doc. # 51] urged by defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") pursuant to a February 24, 20216, telephone status conference. The motion is opposed. For reasons assigned below, the motion is GRANTED IN PART.[1]

### Background

By this motion, Hobby Lobby seeks to quash notices of depositions issued by plaintiff Deanne Williams to each of her five treating physicians: Drs. Cooper, Cox, Nelson, Kerr, and Goodman. *See* Notices of Deposition; Hobby Lobby Brief, Exhs. [doc. # 53]. Hobby Lobby maintains that because plaintiff intends to call these physicians as witnesses in her case in chief at trial, Hobby Lobby is entitled to notice their discovery depositions. Hobby Lobby further notes that plaintiff has access to these witnesses, whereas defendant does not.

Conversely, plaintiff argues that Rule 30 authorizes her to take the deposition of anyone

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

she wants. Fed.R.Civ.P. 30. She further emphasizes that a plaintiff's treating physician is a neutral, third-party witness. Moreover, simply because an individual appears on a party's witness list does not mean that he or she will testify favorably for that party. Plaintiff urges the court to apply a first come, first served rule to redress the present impasse. Application of the foregoing maxim in the present instance would resolve the dispute in plaintiff's favor because she conveyed her intention to Hobby Lobby to depose her treating physicians in April 2015, and then, earlier this week, beat Hobby Lobby to the punch with actual deposition notices, despite knowledge of Hobby Lobby's disapproval. *See* Hobby Lobby Brief, Exhs. C & D; Plaintiff Brief, Exh. A.

## Analysis

The court observes that while a treating physician frequently is sympathetic to his or her patient and will provide testimony that supports the patient's theory of the case, this tendency is not universal. While a plaintiff initially may include all of her treating physicians on her witness list, this inclination may change during the course of litigation.

Furthermore, Rule 30 is written broadly to permit either side to notice a deposition. Indeed, cases refer, without comment, to plaintiffs taking their own doctors' depositions. *See e.g., Speck v. City of Memphis*, Civ. Action No. 07-2019, 2008 WL 4186184, at *1 (W.D. Tenn. Sept. 5, 2008); *Ewert v. Holzer Clinic, Inc.*, Civ. Action No. 09-131, 2010 WL 2854125, at *2 (S.D. Ohio July 19, 2010); *Begley v. Bristol-Myers Squibb Co.*, Civ Action No. 06-6051, 2013 WL 144177, at *9 (D. N.J. Jan. 11, 2013). However, the dearth of case law addressing the present dispute no doubt is attributable to the fact that most defendants are delighted when plaintiffs wish to shoulder the cost of paying for their own physicians' depositions.

In sum, defendant has not established any authority to establish that it has the exclusive

right to notice the depositions of plaintiff's treating physicians. On the other hand, the court does not favor plaintiff's race-to-the-courthouse/mailbox rule. Moreover, the court doubts that there is any particular advantage to being the first to question a witness at a *discovery* deposition, in any event, and presumes that the treating physicians will truthfully answer the questions posed to them by attorneys for both sides of the dispute.[2] Accordingly, unless the parties otherwise agree amongst themselves, they shall divide the honor of noticing the treating physicians' depositions between them. Plaintiff shall make the initial selection of one physician, then defendant, with the parties alternating until all treating physicians have been selected for notice. Plaintiff shall recall any deposition notices as needed to comply with the outcome of the selection process, and counsel's schedule. *See* Minutes [doc. # 52].

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that Hobby Lobby's oral motion for relief [doc. # 51] is hereby GRANTED-IN-PART, as detailed in the body of this opinion.

IT IS FURTHER ORDERED that the motion [doc. # 51] otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 26th day of February 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* Scheduling Order for trial deposition requirements.